[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL
The instant lawsuit had its origin in an incident which occurred on August 10, 1995. A heavy object then being transported by the defendant vehicle fell from the flat bed portion of the tractor trailer and into a pleasure vehicle occupied by the plaintiffs, Frank Mazzola and Roseann Mazzola.
The defendants' admitted that they were negligent in failing to properly secure the load. The case proceeded to trial as a hearing in damages.
The plaintiffs, Frank Mazzola and Roseann Mazzola, sought compensation for personal injuries allegedly resulting from the accident. The plaintiff, Antonio Mazzola, husband of Roseann Mazzola, asserted a claim for loss of consortium.
The jury returned the following verdicts:
Re: Roseann Mazzola
 Economic Damages $40,123 Non-Economic Damages $50,000 By Stander Damages -0- ------- Total Verdict $95,123.00
Re: Frank Mazzola
 Economic Damages $ 1,761 Non-Economic Damages $ 3,500 ------- Total Verdict $ 5,261.00
Re: Antonio Mazzola
CT Page 4923
Loss of Consortium -0-
The plaintiffs have filed a Motion to Set Aside the Verdict and for a New Trial.
The reasons advanced in support of said motion will be addressed in the order in which they are set forth therein.
1) The court improperly excluded evidence on the plaintiffs' claim ofrecklessness pursuant to Connecticut General Statutes § 14-295.
The court did not "exclude" offering of any evidence relative to recklessness.
Apparently the plaintiffs' argument in this regard is directed to the fact the court refused to submit to the jury the claim for double or treble damages pursuant to § 14-295 C.G.S. which provides in substance that the trier of fact may award double or treble damages if the injured party has "specially pleaded" that another party has deliberately or with reckless disregard operated a motor vehicle in violation of certain designated statutes. The only statute claimed to have been violated was § 14-218a C.G.S. (traveling unreasonably fast). The plaintiffs did not claim that the defendant violated §14-222 C.G.S. (Reckless Driving) but rather limited their claim to a violation of § 14-218a C.G.S. The plaintiffs did not specially plead that the defendant operator deliberately or with reckless disregard operated his vehicle at a rate of speed such as to rise to a level of culpability necessary to trigger the application of § 14-295 C.G.S.
Further the evidence with respect to the speed of the defendants' vehicle was not such as to support the degree of culpability contemplated by the statute necessary to an entitlement to double or treble damages.
2) The court erred in charging the jury with statements made in thewithdrawn pleading relating to the plaintiff. Roseann Mazzola.
When being questioned on cross-examination inquiry, was made of the plaintiff Roseann Mazzola concerning the contents of a superceded complaint wherein it was alleged that as a result of the accident in question she sustained "an aggravation of a pre-existing anxiety and depression." The plaintiff testified she suffered anxiety but not depression. No objection was made by plaintiffs counsel relative to his client being examined on a document not in evidence.
The plaintiff testified this allegation in the superceded complaint CT Page 4924 relative to her "depression" was "wrong."
On re-direct examination when questioned by her attorney the plaintiff testified that she had not reviewed the superceded complaint.
On this state of the evidence a charge as to the impact of a superceded pleading was justified.
No exception was taken as to the substance of the charge in the regard.
3) The court erred and failed to adequately correct its erroneousstatement with regard to Dr. Coppersmith's deposition testimony statingthat the plaintiff. Mrs. Mazzola had preexisting anxiety and depressioncondition.
Counsel called the court's attention to the fact it had incorrectly referred to Dr. Coppersmith's deposition when it stated Dr. Coppersmith testified that "an anxiety and depression existed before the accident."
The jury was recalled and instructed that counsel were correct in this and the jury was to ignore "the court's comments in this regard."
The court then instructed the jury "Dr. Coppersmith testified that the plaintiff was suffering from stress secondary to many medical problems." No exception was taken to the court's supplemental instructions.
4) The court's charge to the jury improperly stated that Dr. Sterlingdiagnosed only a lumbar strain without telling the jury that Dr. Sterlingsubsequently found that Mrs. Mazzola had a bulging disc with a floatingfragment pressing on a nerve.
The court in its comments on the evidence stated to the jury that according to Dr. Sterling the plaintiff Roseann Mazzola sustained a lumbo-sacral strain and underlying degenerative disc disease with a lumbar spondylosis which antedated the accident.
The court further instructed the jury it was to consider all the evidence and it was not limited to those facts or evidence to which the court might refer. The jury was also instructed that it was to rely on its recollection and comments of the court relative to facts and evidence were not binding upon it.
Dr. Sterling's reports (Exhibit BB) were introduced into evidence. The note explained that an MRI revealed nerve roots being compressed. The jury was informed that all exhibits would be available for their examination. CT Page 4925
5) The court improperly prevented the plaintiff. Frank Mazzola frompresenting evidence through Dr. James Finn with regard to future medicaltreatment.
Dr. Finn testified that the plaintiff Frank Mazzola sustained a lumbar strain superimposed on a pre-existing congenital condition from he will suffer some discomfort in the future and that it would be speculation to say what role herniation played herein.
The court charged the jury not only that Mr. Mazzola alleged he sustained a permanent injury but also concerning the law relating to damages for a permanent injury as well as his life expectancy. An objection to testimony re: future surgery was sustained because it had not been disclosed or definitively pleaded.
A trial court may exercise its discretion with regard to Evidential rulings. Janusaukas v. Fichman, 68 Conn. App. 672, 683.
6) The court erred in charging the jury with regard to RoseannMazzola's psychological and emotional injuries by unfairly directingattention to Mrs. Mazzola's medical conditions in such a way as to givethem an unfair prominence.
This claim of error is difficult to understand. The court charged the jury with respect to the physical and as well as emotional implications of alleged injuries. No exception was taken to the accuracy or adequacy of the charge concerning these issues. The only comment by counsel related to the length of the charge as it related to emotional distress.
The 7th reason in support of their Motion is a sweeping indictment of the verdict on the grounds of being against the weight of the evidence particularly with respect to the verdict on the grounds of the inadequacy of the damage awards.
"Great deference is to be accorded a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court . . ." Childs v. Bainer, 235 Conn. 107, 112. Also see Wichers v.Hatch, 252 Conn. 174, 175. CT Page 4926
The discretion vested in the trial court in this regard is not arbitrary or capricious discretion, but rather, it is legal discretion to be exercised within the boundaries of settled law. "This limitation on a trial court's discretion results from the constitutional right of litigants to have issues of fact determined by a jury." "This right encompasses the right to have a jury and not the court decide issues of fact as to which reasonable people may reach different conclusion." Berryv. Loiseau, 223 Conn. 786, 807 (1982). "Thus, the role of the trial court on a Motion to Set Aside the Jury's Verdict, is not to sit as a seventh juror, rather decide whether, viewing the evidence in light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did." Id. at 807-808.
Because setting aside or modifying a verdict deprives a litigant of his constitutional right to have disputed issues determined by a jury, the court must examine the evidential basis of the verdict.
Although the evidence as to the nature and extent of the injuries causally related to the incident was in dispute it was such as to reasonably support the conclusion reached by the jury.
The award of some $90,123 — to the plaintiff Roseann Mazzola for the physical and emotional injuries cannot be said to be inadequate as a matter of law. There were issues relative to the nature and extent of the back injury for consideration and evaluation by the jury. Claims relative to anxiety, depression and emotional distress of their very nature are difficult to measure with precision. There were many factors unrelated to the accident which colored the picture concerning injuries emotional in nature.
The failure to award any damages for by-stander emotional distress was clearly justified by a failure to satisfy all tests set forth in Clohessyv. Bachelor, 237 Conn. 31, 56.
The evidence with respect to Frank Mazzola could reasonably justify a conclusion that he was not seriously injured and that the award of economic damages of $1761 — and non-economic damages of $3500 — was not inadequate as a matter of law.
The failure to award any damages to Antonio Mazzola for his alleged loss of consortium reflected the conclusion by the jury that the relationship between the spouses was not adversely affected by any injury whether physical or emotional sustained by Roseann Mazzola.
The evidence concerning this issue reasonably supported the jury verdict. CT Page 4927
There was a reasonable basis in the evidence for the jury's verdict. There is nothing to suggest that the jury was improperly motivated in reaching its decision. The verdict passes muster under the applicable standards.
Motions denied.
 ___________________ John C. Flanagan, Judge Trial Referee